# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOE WELLS, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) | No. 4:08CV00664 ERW |
| ENTERPRISE RENT A CAR, INC., et al., | ) ) ) ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Joe Wells for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff purports to bring this action under 18 U.S.C. § 1343. Named as defendants are Enterprise Rental Car, Inc. ("Enterprise"), and Elco Administrative Services ("Elco"). The complaint seeks monetary relief.

Plaintiff alleges that Enterprise has committed internet fraud against him because he attempted to rent a car via the internet, but when he arrived at the lot there were no cars available. Plaintiff also claims that Enterprise violates federal criminal law because it doesn't "correct the time of actual pickup from Reserved [sic] time which

can cause a customer to be charged an Extra [sic] hour at return time." Plaintiff says that he hurt his leg on an Enterprise van and that Elco refused to pay his medical bills.

Plaintiff's claims are frivolous because 18 U.S.C. § 1343 does not provide plaintiff with a private right of action. <u>Wisdom v. First Midwest Bank of Poplar Bluff</u>, 167 F.3d 402, 408-409 (8th Cir. 1999). As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 19th Day of May, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE